# UNITED STATES DISTRICT COURT
## DISTRICT OF WISCONSIN
### COURT FILE NO.:  16-CV-82

| | |
|---|---|
| Joseph E. Stensland,<br><br>    Plaintiff(s),<br><br>v.<br><br>American Coradius International LLC,<br><br>National Collegiate Student Loan Trust,<br><br>    Defendant(s). | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Wis. Stat. §427.104 of the Wisconsin Consumer Act by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Joseph Stensland is a natural person who resides in the City of Superior, County of Douglas, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Upon information and belief, Defendant American Coradius International LLC. (hereinafter "Defendant ACI") is a collection agency operating from an address of 2420 Sweet Home Rd Ste 150, Amherst , NY 14228, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Upon information and belief, Defendant National Collegiate Student Loan Trust (hereinafter "Defendant National") is a collection agency operating from an address of 5100 Peachtree Industrial Blvd, Norcross, GA 30071, and is a "debt collector" as that term is defined by Wis. Stat. §427.103(3).

## FACTUAL ALLEGATIONS

7. On May 16, 2014, Plaintiff filed for relief under the United States Bankruptcy Code ("Code) in Western District of Wisconsin Bankruptcy Case No. 14-bk-12234.

8. Soon thereafter, Plaintiff filed an Adversary Proceeding which was numbered Western District of Wisconsin 14-ap-00078.

9. Plaintiff's attorney learned through email correspondence that National Collegiate Student Loan Trust was allegedly the servicer for several debts allegedly owed by the Plaintiff as follows (Ex. A):

> **National Collegiate Student Loan Trust 2004-1**
> C/O Wilmington Trust Company
> Rodney Square North
> 1100 N. Market Street
> Wilmington, DE 19890
>
> NCO Financial Systems, Inc., in its capacity as Servicer
> 5100 Peachtree Industrial Blvd.
> Norcross, GA 30071
>
> Approx. Current Balance: $8,574.11

**National Collegiate Student Loan Trust 2004-2**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $8,636.37

**National Collegiate Student Loan Trust 2004-2**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $15,206.90

**National Collegiate Student Loan Trust 2004-2**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $9,487.95

**National Collegiate Student Loan Trust 2005-1**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 3007

Approx.  Current Balance:  $15,190.10

**National Collegiate Student Loan Trust 2005-1**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $9,486.83

**National Collegiate Student Loan Trust 2005-3**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $44,864.40

**National Collegiate Student Loan Trust 2006-3**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $9,418.25

**National Collegiate Student Loan Trust 2006-4**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $35,680.60

**National Collegiate Student Loan Trust 2007-3**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $17,793.00

**National Collegiate Student Loan Trust 2007-4**
C/O Wilmington Trust Company
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as Servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Approx. Current Balance: $24,720.80

10.     Plaintiff in an amended complaint named the following, amongst other defendants, in

Western District of Wisconsin 14-ap-00078  (Ex. B):

National Collegiate Student Loan Trust 2004-1
C/O Wilmington Trust Company
Rodney Square North
Attn: Atty Bradley Luke Legal Compliance Manager
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2004-2
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2005-1
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2005-3
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2006-3
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2006-4
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2007-3
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

> National Collegiate Student Loan Trust 2007-4
> C/O Wilmington Trust Company
> Attn: Atty Bradley Luke Legal Compliance Manager
> Rodney Square North
> 1100 N. Market Street
> Wilmington, DE 19890
>
> NCO Financial Systems, Inc., in its capacity as servicer
> 5100 Peachtree Industrial Blvd.
> Norcross, GA 30071
>
> CT Corporation System
> 1201 Peachtree Street, NE
> Atlanta, GA 30361

11. Upon information and belief, the trusts for which the debts the National Collegiate Student Loan Trusts included were for student education loans where their primary purpose was for personal, family or household purposes and each of those debts are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. The Second Amended Complaint and Summons were sent to National Collegiate Student Loan Trust. (Ex. C)

13. Because no party answered, an Order for Default and Discharge was granted against the following defendants, amongst others, in   Western District of Wisconsin 14-ap-00078 (Ex. D):

> National Collegiate Student Loan Trust 2004-1
> C/O Wilmington Trust Company
> Rodney Square North
> Attn: Atty Bradley Luke Legal Compliance Manager
> 1100 N. Market Street
> Wilmington, DE 19890

National Collegiate Student Loan Trust 2004-2
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2005-1
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2005-3
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2006-3
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2006-4
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2007-3
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

National Collegiate Student Loan Trust 2007-4
C/O Wilmington Trust Company
Attn: Atty Bradley Luke Legal Compliance Manager
Rodney Square North
1100 N. Market Street
Wilmington, DE 19890

NCO Financial Systems, Inc., in its capacity as servicer
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361

14.     Any debt owed by Plaintiff to National Collegiate Student Loan Trust was discharged.

15.     On April 7, 2015, copies of the Order for Default and Discharge were sent to the

        defendants in  Western District of Wisconsin 14-ap-00078. (Ex. E)

16.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to

        Defendant ACI for collection from Plaintiff.

17.     In the attached letters, which are all a "communication" in an attempt to collect a debt as

        that term is defined by 15 U.S.C. § 1692a(2), Defendant ACI requested payment from

        Plaintiff of a discharged debt.  (Ex. F1-9)

18.     All of the above-described collection communications made to Plaintiff by Defendant

        National and other collection employees employed by Defendant National, were made in

        violation of numerous and multiple provisions of the FDCPA, including but not limited to

        15 U.S.C. §§ 1692b(2), 1692b(6), 1692c(a)(2), 1692c(b), 1692c(c), 1692d, 1692e, 1692e(2),

        1692e(5), 1692e(8), 1692e(10), 1692e(12), 1692f, and 1692f(1)amongst others.

19.     All of the above-described collection communications made to Plaintiff by Defendant ACI

        and other collection employees employed by Defendant ACI, were made in violation of

numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(2) amongst others.

### *Respondeat Superior Liability- Defendant National*

20.    The acts and omissions of individual Defendant National, and the other debt collectors employed as agents by Defendant National,who communicated with Plaintiff through Defendant ACI as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant National.

21.    The acts and omissions by Defendant National and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant National in collecting consumer debts.

22.    By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant National.

23.    Defendant National is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state law by its collection employees, including but not limited to violations of the Fair Debt Collections Practices Act and the Wisconsin Consumer Act in their attempts to collect this debt from Plaintiff.

### *Respondeat Superior Liability- Defendant ACI*

24.    The acts and omissions of these individual Defendant ACI, and the other debt collectors employed as agents by Defendant ACI who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant ACI.

25.     The acts and omissions by Defendant ACI and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant National in collecting consumer debts.

26.     By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant ACI.

27.     Defendant ACI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state law by its collection employees, including but not limited to violations of the Fair Debt Collections Practices Act and the Wisconsin Consumer Act in their attempts to collect this debt from Plaintiff.

### *Summary*

28.     All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendants National and ACI, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

29.     The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the Wisconsin Consumer Act, including but not limited to all of the above mentioned provisions of the Wisconsin Consumer Act cited herein.

### **TRIAL BY JURY**

30.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq. – DEFENDANT ACI

31.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.    The foregoing acts and omissions of Defendant ACI and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

33.    As a result of each of Defendant ACI's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

### COUNT II.

### VIOLATIONS OF WISCONSIN CH. 427: CONSUMER TRANSACTIONS – DEBT

### COLLECTION – DEFENDANT ACI

34.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

35.    Defendant ACI attempted to collect a "claim "as that term is defined by Wis. Stat. §427.103(1).

36.    Defendant ACI attempted the claim in a manner consistent with the term "debt collection" as it is defined in §427.103(2).

37.    Defendant ACI was and is a "Debt Collector" as that term is defined by Wis. Stat.
       §427.103(3).

38.    Contrary to Wis. Stat. §427.104(j) Defendant ACI has attempted to collect a claim or
       debt arising from a consumer credit transaction or other consumer transaction with
       knowledge or reason to know that that right does not exist.

39.    As a result, the Plaintiff is entitled to an award of actual damages and the penalty provided
       in Wis. Stat. §425.304; but notwithstanding any other law, actual damages shall include
       damages caused by emotional distress or mental anguish with or without accompanying
       physical injury proximately caused by a violation of this chapter.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq. – DEFENDANT NATIONAL

40.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
       though fully stated herein.

41.    The foregoing acts and omissions of Defendant National and its agents, including
       Defendant ACI, constitute numerous and multiple violations of the FDCPA including,
       but not limited to, each and every one of the above-cited provisions of the FDCPA, 15
       U.S.C. § 1692 et seq., with respect to Plaintiff.

42.    As a result of each of Defendant National's violations of the FDCPA, Plaintiff is entitled
       to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount
       up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees
       and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT IV.

## VIOLATIONS OF WISCONSIN CH. 427: CONSUMER TRANSACTIONS – DEBT

## COLLECTION – DEFENDANT NATIONAL

43.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully
stated herein.

44.  Defendant National attempted to collect a "claim "as that term is defined by Wis. Stat.
§427.103(1) through Defendant ACI.

45.  Defendant National attempted the claim in a manner consistent with the term "debt
collection" as it is defined in §427.103(2).

46.  Defendant National was and is a "Debt Collector" as that term is defined by Wis. Stat.
§427.103(3).

47.  Contrary to Wis. Stat. §427.104(j) Defendant National has attempted to collect a claim or
debt arising from a consumer credit transaction or other consumer transaction with
knowledge or reason to know that that right does not exist.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq. – DEFENDANT ACI

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each
Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.
§1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## VIOLATIONS OF WISCONSIN CH. 427: CONSUMER TRANSACTIONS – DEBT COLLECTION – DEFENDANT ACI

- As a result of the Defendant's violation of Wis. Stat. §427.104(1)(j), the Defendant is liable to Plaintiff for actual damages, punitive damages and legal fees under Wis. Stat. §427.105(1) and Wis. Stat. §425.304.

- for such other and further relief as may be just and proper.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ. – DEFENDANT NATIONAL

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT IV.

## VIOLATIONS OF WISCONSIN CH. 427: CONSUMER TRANSACTIONS – DEBT COLLECTION - DEFENDANT NATIONAL

- As a result of the Defendant's violation of Wis. Stat. §427.104(1)(j), the Defendant is liable to Plaintiff for actual damages, punitive damages and legal fees under Wis. Stat. §427.105(1) and Wis. Stat. §425.304.

- for such other and further relief as may be just and proper.


Respectfully submitted,

Dated:   January 30, 2016                    **Lein Law Offices**

By:  **s/Matthew C. Lein**
Matthew C. Lein
Attorney I.D.#1084028
15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone:  (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com

MCL/ml                                       **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN           )
                                     ) ss
COUNTY OF SAWYER          )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Joseph E. Stensland, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    1-30-2016

Joseph E. Stensland